UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JAMES EDWARD GROOVER, II, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:10-CV-39 JVB |
| | ) | |
| SUPERINTENDENT, ALLEN COUNTY JAIL, | ) ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Petitioner James Groover, a prisoner confined at the Allen County Jail, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 regarding his conviction in the Allen Superior Court, for which he received a sentence of four years imprisonment. (DE 1 at 1). He appealed this conviction to the Indiana Court of Appeals, which affirmed the conviction. *Id*. Groover, however, did not "seek further review by a higher state court." (DE 1 at 2).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for writ of habeas corpus shall not be granted unless is appears that the applicant has exhausted the remedies available to him in the courts of the state in which the conviction occurred. Section 2254(b)(1)(A) forbids a federal court from excusing the exhaustion requirement unless the state's corrective process is incapable of protecting the rights of the applicant. To fully exhaust his state court remedies, a habeas petitioner must seek

discretionary review from the state's highest court where that review is normal, simple, and an established part of the state's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 846-47 (1999). Failure to exhaust available state court remedies constitutes a procedural default. To avoid a procedural default, a petitioner must have presented his federal claims to the state courts before he seeks federal review of these claims. *Id.* at 844. Groover states in his petition that he has not presented his claims to the Indiana Supreme Court. Accordingly, he has not exhausted his state court remedies.

For the reasons stated in this Order, the Court DISMISSES this petition without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

SO ORDERED on March 5, 2010.

    s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT COURT
HAMMOND DIVISION